UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Fitzgerald John Presley** *(aka John F. Presley #132820, Yusuf Presley, Jamal Smalls)*, #38831,

           Plaintiff,

vs.

Henry McMaster, Attorney General of South Carolina; and
The State of South Carolina,

           Defendant(s).

C/A No. 0:05-1377-DCN-BM

Report and Recommendation

_____

This is a civil rights action filed pro se, by a federal prisoner. At the time he filed this case, Plaintiff was a federal pre-trial detainee being housed at the Lexington County Detention Center. However, on May 2, 2005, he pled guilty in this Court to one count of Conspiracy to Distribute Narcotics (oxycontin), and is now awaiting sentencing. See United States v. Presley, Criminal Action No. 5:04-cr-00581-MBS-1.

In the Complaint filed in this case, Plaintiff claims that he was illegally convicted of two counts of receiving stolen goods in 1988 in state court in Bamberg County. Plaintiff claims that his guilty plea to those two counts was coerced because of ineffective counsel and because of a conspiracy by the prosecutors and the State of South Carolina. Plaintiff claims that he was told that receiving stolen goods was a lesser-included offense of the charged grand larcenies, but that he now knows that is untrue. He claims that since he was given misinformation in connection with the 1988 guilty pleas in Bamberg County, his constitutional rights were violated when he was required to serve a longer sentence than



he otherwise would have served had he not pled to those charges. Plaintiff requests monetary damages and other relief from the Court.

In answer to the Court's Special Interrogatories that were submitted to Plaintiff along with the initial Order in this case (Document 3), Plaintiff admits that the convictions of which he complains in this case have not been set aside or otherwise invalidated and are still a part of his criminal record. (Document 4). Even though Plaintiff has filed at least two state post-conviction relief applications (PCR), an appeal from at least one of the PCR's, and a federal habeas corpus petition (Presley v. Moore, Civil Action No. 0:96-cv-00445-DCN), all these attempts to overturn his convictions have been unsuccessful.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).



However, even under this less stringent standard, the Complaint filed in this case is frivolous and subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

With respect to § 1983 actions such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal convictions, the United States Supreme Court has held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.*  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis added); *see also* Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure



3

issues are raised);[1]  <u>Woods v. Candela</u>, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); <u>Treece v. Village of Naperville</u>, 903 F. Supp. 1251 (N.D. Ill. 1995); <u>Seaton v. Kato</u>, 1995 WL 88956 (N.D. Ill., February 28, 1995); <u>Smith v. Holtz</u>, 879 F. Supp. 435 (M.D. Pa. 1995).

Therefore, until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters is barred.[2]  Since Plaintiff has not been successful in his attempts to have his receiving stolen goods convictions set aside, and because his allegations, if accepted, would clearly invalidate those convictions, he cannot sue either of the Defendants for damages based on their involvement in the state court proceedings in which he pled guilty.  As a result, this case is subject to summary dismissal without issuance of service of process.

### **Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

---

[1]*See also* <u>Booker v. Kelly</u> , 888 F. Supp. 869 (N.D. Ill. 1995);  <u>Perkins v. Orr</u>, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).

[2]The limitations period for such a civil rights action does not begin to run until the cause of action accrues; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See* <u>Benson v. New Jersey State Parole Bd.</u>, 947 F. Supp. 827, 830 & n. 3 (D. N.J. 1996); <u>Snyder v. City of Alexandria</u>, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).



Further, since Plaintiff seeks monetary damages in this case and both Defendants in this case are immune from suit,[3] 28 U.S.C. § 1915A(b)(2) is applicable in this case. Additionally, several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g).  See Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D. Wis.1999); Sandles v. Randa, 945 F. Supp. 169 (E.D. Wis. 1996); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Grant v. Sotelo, 1998 WL 740826 (N.D. Tex.1998). Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

June 21, 2005
Columbia, South Carolina

---

[3] See Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50 & nn. 2-3 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrections, 460 F. Supp. 805, 808-09 (D.S.C. 1978); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984) (Eleventh Amendment bars suits against a State filed by its own citizens); Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
